Per Curiam.
 

 The question is, whether a plea which purports to I try the title of the mortgagor in the mortgaged premises can be I pleaded in a scire facias on the mortgage against the executor, and|
 
 not against the heirs or terre-tenants.
 
 We think not. This is a proceeding against the executor, and to which the heir is no party. Thel executor may plead any lawful plea in avoidance of the deed, as non! est factum,.payment, &c., but
 
 he
 
 cannot deny the mortgagor’s title,! which is expressed on the mortgage to be a fee. Nor is it necessary! to the protection of the heir that he should be allowed to plead thus/ The sale on a levari facias issued on any judgment now to be re-j covered, would be of no more than the mortgagor’s estate, whatever it is; discharged of the equity of redemption, and all other incum-l brances of the mortgagor.
 
 (Dig.
 
 206.) It would be monstrous tc extend it further. It would be to sell one man’s land on the mort| gage of another without notice or remedy.
 

 Plea struck out and judgment for plaintiff.